**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**KYRON DAVIS**                                             **CASE NO.  2:25-CV-01669**

**VERSUS**                                                     **JUDGE JAMES D. CAIN, JR.**

**ALLIANCE INDUSTRIAL GROUP L L C**    **MAGISTRATE JUDGE LEBLANC**

**<u>MEMORANDUM ORDER</u>**

Before the court is a Motion to Stay Complaint [doc. 12] filed by defendant Alliance

Industrial Group LLC ("Alliance"). The motion is regarded as unopposed.

**I.**
**BACKGROUND**

This suit arises from plaintiff's employment as an apprentice pipe fitter at Alliance's

facility in Sulphur, Louisiana, which ended with his alleged constructive discharge on July

30, 2024. Doc. 1. Plaintiff, who is African-American, filed a charge of discrimination with

the EEOC. Doc. 1, att. 2. The EEOC issued a Dismissal and Notice of Rights letter on

August 4, 2025. *See* doc. 1, att. 3. Plaintiff then filed suit in this court, raising claims of

hostile work environment, racial discrimination, and retaliation under Title VII of the Civil

Rights Act of 1964. Doc. 1.

Alliance now moves to stay these proceedings and refer all claims to arbitration,

based on a "NEW HIRE – Dispute Resolution Agreement" executed by plaintiff.[1] Doc. 12,

---

[1] Although Alliance's motion is styled only as a Motion to Stay, its requested relief and proposed order also fit the bill of a Motion to Compel Arbitration.

att. 1, pp. 8–9. Plaintiff has provided no response within the time provided under the court's Notice of Motion Setting. *See* doc. 13. The motion is therefore regarded as unopposed.

## II.
### LAW & APPLICATION

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, provides that written arbitration agreements in "any maritime transaction or a contract evidencing a transaction involving commerce" "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Courts conduct a two-step inquiry when resolving a motion to compel arbitration under the FAA. First, the court decides whether the parties agreed to arbitrate their dispute—that is, whether (1) there is a valid agreement to arbitrate and (2) the dispute falls within the scope of that agreement. *OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445–46 (5th Cir. 2001). It then looks to whether legal constraints external to the agreement foreclose arbitration. *Id.* The party moving to compel arbitration bears the initial burden of proving the existence of a valid arbitration agreement and that the claims fall within that agreement. *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018). If it meets this burden, the party resisting arbitration must then assert a reason that the agreement is unenforceable. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004).

The agreement at issue here, the "NEW HIRE – Dispute Resolution Agreement," was executed by plaintiff in March 2024, shortly before plaintiff began his employment. Doc. 12, att. 1, pp. 8–9. It provides, in relevant part:

> Employer and Employee mutually contract and agree that the procedures set forth herein shall be the sole and exclusive remedies available for resolving

and settling each, every, and all claims, between or among them, including, but not limited to those arising from or in any way related to Employee's activities, work for and/or employment, if any, with Employer and/or affiliated company . . . . This dispute resolution agreement shall be used for all claims, controversies or disputes whether arising under or based on the Constitution, Statutes, Code(s), Ordinances, Regulations, Orders, and/or Common Law of the United States, or of any State . . . . and/or are based on claims or theories of contract, quasi-contract, personal injury, tort, offenses, quasi-offenses or otherwise including, but not limited to, all claims, disputes, or controversies relating to Employee's employment and/or separation from employment, and further including, but not limited to, all claims of personal injury, harassment, discrimination, and retaliation . . . . All claims of any rights to the contrary, including any right to trial by jury, are hereby expressly waived.

*Id.*

In determining whether there is a valid arbitration agreement between the parties, courts apply state contract law. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Plaintiff raises no challenge to the validity of his signature. His claims fall within the plain language of the agreement. Courts have repeatedly recognized the enforceability of arbitration clauses in employment agreements under Louisiana law. *See, e.g.*, *Marino v. Dillard's, Inc.*, 413 F.3d 530, 532–33 (5th Cir. 2005); *Koenig v. Ritz-Carlton Hotel Co., LLC*, 2021 WL 5855608, at *3 (E.D. La. June 24, 2021); *McHenry v. JP Chase Morgan Bank NA*, 2021 WL 264885, at *4 (W.D. La. Jan. 11, 2021). Plaintiff also asserts no external reason why the agreement is unenforceable. Accordingly, the claims raised in this matter are arbitrable and the suit will be referred to arbitration, as requested by Alliance. Rather than just stay the suit, however, the court will administratively close it. "The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases

pending on the court's docket; *i.e.*, administratively closed cases are not counted as active."

*Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004).

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion [doc. 12] be **GRANTED**, that all claims in this matter be **REFERRED** to arbitration as set forth in the "NEW HIRE – Dispute Resolution Agreement," and that this matter be **ADMINISTRATIVELY CLOSED**. The parties are directed to notify the court after the arbitration's conclusion.

**THUS DONE AND SIGNED** in Chambers on the 11th day of June, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

Page 4 of 4